# EXHIBIT "A"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **DR. CACELIA BRYANT**<br><br>Plaintiff,<br><br>vs.<br><br>**DOLLAR TREE STORES, INC.; ABC CORPS 1-2 and JOHN DOES 1-4**<br><br>Defendants | **CIVIL ACTION NO:** 21A04522<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff files this Verified Complaint for damages and shows the following:

### PARTIES, JURISDICTION & VENUE

**1.**

**DR. CACELIA BRYANT** ("**PLAINTIFF**"), resides in Dekalb County, Georgia and is subject to the jurisdiction of this court.

**2.**

**DOLLAR TREE STORES, INC.**, ("**DOLLAR TREE**") is a foreign corporation, registered in the State of Virginia, doing substantial business in Georgia and subject to the jurisdiction and venue of this Court. DOLLAR TREE can be served via their registered agent: Corporation Service Company, #2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

**3.**

The true names and/or capacities of Defendants named herein as ABC CORPS 1 and 2 ("**ABC CORPS**") are at this time unknown to the Plaintiff, who therefore sues said Defendants by

Copy from re:SearchGA

such fictitious names. Plaintiff will amend the Complaint to show said Defendants' true names when the same have been ascertained. Plaintiff alleges on information and belief that said Defendants may in some manner be responsible for the acts and/or omissions alleged herein.

4.

The true names and/or capacities of Defendants named herein as **JOHN DOES** 1 through 4 ("**JOHN DOES**") are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend the Complaint to show said John Does' true names when the same have been ascertained. Plaintiff alleges on information and belief that all John Does may in some manner be responsible for the acts or omissions alleged herein.

**FACTUAL ALLEGATIONS**

5.

On June 11, 2019, Plaintiff went to Dollar Tree store #4380 located at 2442 Wesley Chapel Road in Decatur, GA 30035 to do her shopping. Dollar Tree's shopping carts were corralled outside the store. Customers must pay $0.25 to "rent" a cart for use in the store. Plaintiff paid her $0.25, but then struggled to free a shopping cart as they were jammed together. Plaintiff asked the store manager for help as he walked towards the parking lot, only to receive a smirk and dismissal as he ignored her and continued walking away.

6.

Plaintiff then proceeded to enter the store and seek help from a staff member. When she explained that the carts were stuck together and she needed help, the store clerk stated "You have to put a quarter in." Plaintiff told her that she had inserted the quarter, reiterated that the carts were jammed, and she needed help. The clerk shrugged and refused to help.

**7.**

With none of Dollar Tree's employees or managers willing to help, Plaintiff tried one more time to separate a cart on her own, and seriously injured herself in the process. With her hand jammed between the bars of the carts, Plaintiff screamed for help, but no one in the store came to her aid.

**8.**

In tears, Plaintiff finally freed herself and went into the store for help. When she could get no attention from staff, she sought out the manager and asked to fill out an incident report. To Plaintiff's dismay, the manager refused. Plaintiff called her husband to come get her and he tried to speak to management, but he encountered hostility and complete indifference.  Plaintiff's husband took her to get medical treatment for her injured hand.

**9.**

Defendant, Dollar Tree employed the personnel to monitor, maintain, inspect, control and/or clean the store's shopping carts and attend to shopper's needs.

**10.**

At all times relevant to this action, Dollar Tree maintained and was responsible for the shopping carts, but failed to properly monitor, maintain, inspect, control and/or clean the store's shopping carts and attend to its guests needs.

**11.**

At all times relevant to this action, Plaintiff was an invitee upon the premises of the Dollar Tree store where she sustained her injuries.

**12.**

At all times relevant to this action, Plaintiff exercised due care for her own safety.

**13.**

As a result of the Defendants' negligence, the Plaintiff has suffered physical injuries, not limited to surgeries, permanent scarring, and disfiguration.

**14.**

As a result of the Defendants' negligence the Plaintiff suffered and continues to suffer bodily injury, diminished enjoyment of life, a permanent injury, loss of consortium and incurred medical expenses exceeding $35,000 and other economic losses.

## COUNT I
### Negligence
### Failure To Maintain Safe Premises

Plaintiff re-alleges and re-avers paragraphs 1-14 as if recounted herein.

**15.**

The Defendants, as joint tortfeasors, have breached their duty to the general public and to Plaintiff herein by failing to maintain a safe premises, causing Plaintiff to suffer serious and permanent injuries.

**16.**

Plaintiff alerted Defendants to the perilous cart situation, not once, but twice. Defendants' employees and managers ignored Plaintiff's pleas for help, leaving Plaintiff to fend for herself and struggle with Defendants' hazardous carts.

**17.**

As a result of Defendants' failure to maintain safe and hazard free premises, Plaintiff suffered and continues to suffer bodily injury, diminished enjoyment of life, loss of consortium, permanent injuries, and has incurred medical expenses and economic losses.

Copy from re:SearchGA

## COUNT II
## Negligence Per Se

Plaintiff re-alleges and re-avers paragraphs 1-17 as if recounted herein.

**18.**

Georgia statutes, including but not limited to O.C.G.A. § 51-3-1, assign duties to landowners or occupiers.

**19.**

O.C.G.A. § 51-3-1 provides the following duty: "*Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe*".

**20.**

The Defendants breached the abovementioned duty.

**21.**

As a result of the aforementioned breaches of duty, Plaintiff suffered and continues to suffer bodily injury, diminished enjoyment of life, loss of consortium, permanent injury, and she has incurred medical expenses and economic losses.

## COUNT III
## Vicarious Liability

Plaintiff re-alleges and re-avers paragraphs 1-21 as if recounted herein.

**22.**

Defendants JOHN DOES were employees or agents of Defendant Dollar Tree and/or Defendants ABC CORPS at the time of the incident.

Copy from re:SearchGA

**23.**

Upon information and belief, Defendants Dollar Tree and ABC CORPS negligently hired Defendants JOHN DOES and are vicariously liable for Defendants JOHN DOES' negligent acts and omissions.

**24.**

Upon information and belief, at all relevant times, Defendants Dollar Tree and ABC CORPS knew or should have known of Defendant JOHN DOES' negligent and dangerous propensities and background.

**25.**

At all times relevant, Defendant JOHN DOES were acting within the course and scope of their employment or agency with Defendants Dollar Tree and ABC CORPS.

**26.**

Defendant JOHN DOES, were employees or agents of Defendants Dollar Tree and ABC CORPS, which negligently entrusted Defendant JOHN DOES to act as their employees or agents to the public.  Since Defendant JOHN DOES were acting within the course and scope of their employment or agency at the time of this incident, Defendants Dollar Tree and ABC CORPS are vicariously liable for all damages caused by their negligent acts and omissions under principles of *respondeat superior* or agency.

**COUNT IV**
**Negligent Hiring, Training and Supervision**

Plaintiff re-alleges and re-avers paragraphs 1-26 as if recounted herein.

**27.**

6
*Verified Complaint: Dr. Cacelia Bryant Vs. Dollar Tree Stores, Inc., Et Al.*

Copy from re:SearchGA

Defendants Dollar Tree and ABC CORPS were negligent, negligent per se, careless, reckless, willful and wanton in one or more of the following ways:

(a) In hiring Defendant JOHN DOES and entrusting them to interact with the public;

(b) In failing to properly train Defendant JOHN DOES;

(c) In failing to properly supervise Defendant JOHN DOES;

(d) In failing to implement safety practices to assure safe maintenance and operation of the carts being used by their customers;

(e) In failing to execute proper background checks of Defendant JOHN DOES; and

(f) In failing to exercise that degree of care and caution that a reasonable and prudent employer would have exercised under the circumstances.

**28.**

Defendants Dollar Tree and ABC CORPS' negligent and reckless conduct is the sole and proximate cause of the personal injuries sustained by the Plaintiff.

### COUNT V
### Punitive Damages
### (O.C.G.A. SECTION 51-12-5.1)

Plaintiff re-alleges and re-avers paragraphs 1-28 as if recounted herein.

**29.**

Plaintiff shows that the conduct and inaction of the Defendants was such as to evince an entire want of care and indifference to the consequences of such conduct and inaction.

**30.**

Plaintiff shows that such conduct amounted to wanton acts by the Defendants without regard to the rights of the Plaintiff.

Copy from re:SearchGA

**31.**

Plaintiff shows that the conduct and/or inaction of the Defendants was to such a degree of recklessness as to evince a conscious knowledge of the probability of the harmful consequences that did indeed befall her, amounting to a reckless disregard for her rights and a specific intent to cause harm.

**32.**

Defendants are guilty of aggravating circumstances as defined by Georgia law which entitles the Plaintiff to an award of punitive damages to deter Defendants from such conduct in the future and for which Plaintiff sues the Defendants.

## COUNT VI
**Expenses of Litigation**
**(O.C.G.A. SECTION 13-6-1)**

Plaintiff re-alleges and re-avers paragraphs 1-32 as if recounted herein.

**33.**

Plaintiff shows that Defendants have acted in bad faith, been stubbornly litigious and have caused Plaintiff unnecessary trouble, pain and expense, for which Plaintiff sues Defendants for attorneys' fees, costs of litigation and related expenses.

Copy from re:SearchGA

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

a. That process and summons issue, as provided by law, requiring defendants to appear and answer Plaintiff's Complaint;

b. That service be had upon the defendants as provided by law;

c. That discovery and Admissions be answered;

d. That the Court award and enter a judgment in favor of Plaintiff against Defendants for compensatory and general damages in amounts to be proven at trial;

e. That Plaintiff receive the cost of this action and interest thereon;

f. That Plaintiff have a trial by jury as to all issues; and

g. That Plaintiff have such other and further relief as the Court may deem just and proper.

This 1st day of October 2021.

By: **/s/ Janice D. Strong**
Georgia State Bar No. 940890
Attorney for Plaintiff

**THE STRONG LAW FIRM, P.C.**
300 Colonial Center Pkwy, Suite 100
Roswell, GA 30076
Tel: 678.353.3277
Fax: 678.623.3456
Email: janice@jstronglawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
10/1/2021 8:58 PM
E-FILED
BY: Monica Gay

9
*Verified Complaint: Dr. Cacelia Bryant Vs. Dollar Tree Stores, Inc., Et Al.*

Copy from re:SearchGA

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DR. CACELIA BRYANT<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC.; ABC CORPS 1-2 and JOHN DOES 1-4<br><br>Defendants | CIVIL ACTION # 21A04522<br><br><br><br>**JURY TRIAL DEMANDED** |

**VERIFICATION OF COMPLAINT FOR DAMAGES**

I, DR. CACELIA BRYANT, do verify under penalty of perjury and the laws of the State of Georgia, that the foregoing VERIFIED COMPLAINT FOR DAMAGES is based upon my personal knowledge and experience, and is true to the best of my knowledge, information, and belief.

_____      County of: ____DEKALB____
Dr. Cacelia Bryant                                          State of: ____GEORGIA____
*Plaintiff*

Date: 10-1-2021

The foregoing document was acknowledged before me on this the 1st day of October 2021, with the signatory being personally present and having proved to me on the basis of satisfactory evidence to be the person whose name is subscribed above.

_____
Notary Public Signature
My commission expires: 5-24-2025

LACHUNNA BRYANT
Notary Public - State of Georgia
Dekalb County
My Commission Expires May 24, 2025

10

*Verified Complaint: Dr. Cacelia Bryant Vs. Dollar Tree Stores, Inc., Et Al.*

Copy from re:SearchGA

| | |
|---|---|
| No. 21A04522 | **STATE COURT OF DEKALB COUNTY** |
| | **GEORGIA, DEKALB COUNTY** |
| **Date Summons Issued and E-Filed** | |
| 10/4/2021 | **SUMMONS** |
| /s/ Monica Gay | |
| Deputy Clerk | |
| Deposit Paid $ _____ | Dr. Cacelia Bryant<br>1364 Cedar Green<br>Stone Mountain, GA 30088 |
| | **Plaintiff's name and address** |
| | **vs.** |
| **[ ] JURY** | Dollar Tree Stores, Inc.<br>c/o Corporation Service Company<br>2 Sun Court, Suite 400<br>Peachtree Corners, GA 30092 |
| | **Defendant's name and address** |
| **TO THE ABOVE-NAMED DEFENDANT:** | |

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

| |
|---|
| Janice D. Strong |
| THE STRONG LAW FIRM, PC |
| 300 Colonial Center Pkwy, Suite 100, Roswell, GA 30076 |
| (678) 353-3277                                          GBN: 940890 |
| Phone Number                                            Georgia Bar No. |

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                    Third Party Attorney
_____          _____
Address                                                            Address
_____          _____
Phone No.                   Georgia Bar No.          Phone No.              Georgia Bar No.

**TYPE OF SUIT**

[X] Personal Injury ☐ Products Liability          Principal $ TBD
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other
                                                                      Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
[X] **Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

Copy from re:SearchGA

STATE COURT OF
DEKALB COUNTY, GA.
10/1/2021 8:58 PM
E-FILED
BY: Monica Gay

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed  10/4/2021 | Case Number  21A04522 |
| MM-DD-YYYY | |

**Plaintiff(s)**                                                                                                  **Defendant(s)**

_____                    _____
Last         First         Middle I.    Suffix    Prefix                     Last         First         Middle I.    Suffix    Prefix

_____                    _____
Last         First         Middle I.    Suffix    Prefix                     Last         First         Middle I.    Suffix    Prefix

_____                    _____
Last         First         Middle I.    Suffix    Prefix                     Last         First         Middle I.    Suffix    Prefix

_____                    _____
Last         First         Middle I.    Suffix    Prefix                     Last         First         Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
    Case Number                                                    Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1-20

Copy from re:SearchGA

**STATE COURT OF
DEKALB COUNTY, GA.
10/1/2021 8:58 PM
E-FILED
BY: Monica Gay**